UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| F. GERALD MAPLES, P.A., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| vs. ) | |
| ) | |
| STEPHEN R. DONZIGER, ESQ., ) | |
| AND WILLIAM CARMODY, ESQ., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant, William Carmody, Esq. ("Carmody"), files this Notice of Removal of this action from the Civil District Court for the Parish of Orleans, State of Louisiana, in which it is now pending, to the United States District Court, Eastern District of Louisiana, and, to the extent required, reserves any and all rights, objections, defenses, and exceptions available in state court. In support of this Notice of Removal, Carmody respectfully represents the following:

## BACKGROUND

I.

Plaintiff, F. Gerald Maples, P.A. ("Maples"), commenced this action against defendants, Carmody and Stephen R. Donziger, Esq., ("Donziger"), by filing a Petition for Damages ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *F. Gerald Maples, P.A. v. Stephen R. Donziger, Esq., and William Carmody, Esq.*, No. 2013-0385, Division "C," on January 14, 2013.

II.

Pursuant to 28 U.S.C. §1446(a), copies of all pleadings, process and orders that have been served on Carmody are attached collectively hereto as Exhibit "A."

III.

Removal is proper pursuant to 28 U.S.C. §1441(a) when a court of the United States would have original jurisdiction over the matter.

IV.

This court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332 (a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

**DIVERSITY OF CITIZENSHIP**

V.

Plaintiff, Maples, alleges that it is a professional association with its principal offices located in New Orleans, Louisiana. Petition ¶ I.

VI.

Defendant, Donziger, is, and was at the time of the filing of the Petition, a person of full age of majority and a citizen of the state of New York.

VII.

Defendant, Carmody, is, and was at the time of the filing of the Petition, a person of full age of majority and a citizen of the state of North Carolina.

**AMOUNT IN CONTROVERSY**

VIII.

The amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs.

IX.

"[A] case may be removed unless it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993)

(quoting *St. Paul Mercury Indemnity Co. v. Reed Cab Co.*, 58 S.Ct. 586, 590 (1938); *Association National v. Dow Quinicade Columbia*, 988 F.2d 559, 564 (5th Cir. 1993)).

X.

Plaintiff has sued Defendants for breach of contract and, alternatively, for detrimental reliance and unjust enrichment. Although Plaintiff does not specify the amount of damages sustained in the Petition, it is facially apparent from Plaintiff's Petition that the potential amount in controversy exceeds the $75,000.00 jurisdictional requirement.

XI.

When the state court petition fails to claim a specific amount in controversy, the removing party bears the burden of proving that the amount in controversy exceeds $75,000.00. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing party can meet this burden by (1) demonstrating that it is facially apparent from the complaint that the amount in controversy exceeds $75,000.00, or (2) "setting forth facts in controversy . . . that support a finding of the requisite amount." *Id.*

XII.

In the instant matter, Plaintiff asserts breach of contract, detrimental reliance, and unjust enrichment arising from an alleged retainer agreement between Plaintiff and Defendants. Through its breach of contract action, Plaintiff seeks to recover "compensation for services in the amount of 10% of the total contingency fee payment, which amount is equal to 20% of all plaintiff collections." Petition ¶ XIII. Plaintiff alleges that it was requested to become involved in "attempts to collect the $18 billion judgment against Chevron." Petition ¶ XI. Plaintiff further seeks reimbursement for expenses incurred in prosecuting the litigation at issue. Petition ¶ XIV. In addition to the value of the damages sought, Plaintiffs are seeking attorney's fees, which are properly considered as a part of the amount in controversy. *Graham v. Henegar*, 640

{N2582367.2}

F.2d 732, 736 (5th Cir. 1981). Thus it is facially apparent from Plaintiff's Petition that Plaintiff has placed into controversy an amount exceeding $75,000.00 exclusive of interest and costs, and accordingly, the jurisdictional amount is satisfied.

## REMOVAL IS PROPER

XIII.

Because this matter is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, this Court has jurisdiction over the matter pursuant to 28 U.S.C §§ 1332 and 1441(a).

XIV.

Defendants' Notice of Removal is timely because it is being filed within thirty (30) days of the date of service on any Defendant. Plaintiff filed the Petition on January 14, 2013. The earliest that any of the Defendants were served was January 22, 2013.

XV.

Defendant, Carmody, has obtained consent from defendant, Donziger, for the removal of this proceeding to the United States District Court for the Eastern District of Louisiana, as reflected by Exhibit "B."

XVI.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certify that a copy of this Notice of Removal will be served promptly on Plaintiff and will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, Defendant, William Carmody, Esq., prays that this Notice of Removal be deemed good and sufficient and for all equitable relief to which he is entitled.

Respectfully submitted:

/s/ Coleman D. Ridley, Jr.
COLEMAN D. RIDLEY, JR. (La. #25849)
L. ETIENNE BALART (La. #24951)
GRAHAM H. RYAN (La. #34070)
Jones Walker LLP
201 St. Charles Avenue, Floor 49
New Orleans, Louisiana 70170
Telephone:  (504) 582-8724
Facsimile:  (504) 589-8724
cridley@joneswalker.com
ebalart@joneswalker.com
gryan@joneswalker.com

**Attorneys for defendant, William Carmody, Esq.**

### CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2013, a copy of the foregoing *Notice of Removal* was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

R. Ray Orrill, Jr., Esq.
W. Christopher Beary, Esq.
Orrill, Cordell & Beary
330 Carondelet Street
New Orleans, LA 70130

Stephen R. Donziger
245 W. 104th Street, #7D
New York, NY 10025

Bobby Ray T. Malbrough, Esq.
330 Carondelet Street
New Orleans, LA 70130

/s/ Coleman D. Ridley, Jr.