### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| F. GERALD MAPLES, P.A., | ) | CIVIL ACTION |
| | ) | |
| **Plaintiff,** | ) | NO.: 2:13-cv-00223-JTM-SS |
| | ) | |
| vs. | ) | SECTION (DIVISION): H(1) |
| | ) | |
| STEPHEN R. DONZIGER, ESQ., | ) | JUDGE JANE TRICHE MILAZZO |
| AND WILLIAM CARMODY, ESQ., | ) | |
| | ) | MAGISTRATE JUDGE SALLY |
| **Defendants.** | ) | SHUSHAN |
| | ) | |

### DEFENDANT, WILLIAM CARMODY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES

Defendant, William Carmody, Esq. ("Carmody"), responds to the Petition for Damages ("Petition") filed by plaintiff, F. Gerald Maples, P.A. ("Maples"), as follows:

### ANSWER[1]

#### I.

*Plaintiff, Maples, is a Professional Association with its principal offices located in New Orleans, Louisiana, and F. Gerald Maples is a person of the full age of majority.*

The allegations of Paragraph I of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph I of the Petition for lack of knowledge or information sufficient to form a belief in the truth therein.

#### II.

*Made defendant herein is Stephen Donziger, Esq. ("Donziger") a person of the full age of majority and resident of the state of New York.*

The allegations of Paragraph II of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph II of the

---

[1] For the Court's convenience, the allegations in each paragraph of the Petition appear in italics before Carmody's response.

Petition for lack of knowledge or information sufficient to form a belief in the truth therein.

III.

*Further made defendant herein is William Carmody, Esq. ("Carmody") a person of the full age of majority and resident of the state of North Carolina.*

Carmody admits the allegations of Paragraph III of the Petition.

## **VENUE**

IV.

*Venue is proper in the Parish of Orleans pursuant to La. Code Civil Procedure article 76.1.*

The allegations of Paragraph IV of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph IV of the Petition.

## **FACTS**

V.

*Donziger and two representatives of the indigenous people of the Ecuadorian rainforest travelled to New Orleans the first week of July, 2010, and met with Maples to discuss the participation of Maples on behalf of plaintiffs in the matter entitled Maria Aguinda v. Chevron Corporation, number 002-2003, Provincial Court of Justice of Sucumbios, Ecuador. The suit also involved a number of actions filed pursuant to 28 U.S.C. § 1782 by Chevron and Chevron attorneys from the firm of Gibson, Dunn in various United States District Courts against various plaintiff advisors and several former and current attorneys, including Donziger.*

The allegations of Paragraph V of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph V of the Petition for lack of knowledge or information sufficient to form a belief in the truth therein.

VI.

*At the meeting in New Orleans the first week of July, 2010, Donziger represented that he and Fajardo-Mendoza, were "Plaintiffs' U.S. Representative," and "lead counsel for and Ecuadorian legal representatives of the Plaintiffs" and they solicited Maples to provide*

*"...additional legal services to pursue and defend, as the case may be, the Litigation to its conclusion, which may take several months or up to many years or may not be successful...."*[2]

The allegations of Paragraph VI of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph VI of the Petition for lack of knowledge or information sufficient to form a belief in the truth therein.

### VII.

*At the July, 2010 meeting, Donziger explained that his co-counsel agreements were divided into two equal parts, with one half of the contingent fee recovery assigned to each part. The one side was devoted to investment for purposes of pursing the claims against Chevron in Ecuador, defending against the section 1782 efforts in the United States being pursued by Gibson, Dunn, paying Donziger's overhead and living expenses, and the other side was devoted to the litigation of the case. Maples declined to participate in the investment side of the case but agreed to participate in the litigation side. Defendants specifically requested that Plaintiff immediately enroll in the Chevron case instituted against Donziger in the United States District Court, Southern District of New York.*

The allegations of Paragraph VII of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph VII of the Petition for lack of knowledge or information sufficient to form a belief in the truth therein.

### VIII.

*An authority to represent was to be executed by the representatives of plaintiffs in Ecuador, and a detailed contingency fee contract was forwarded to Maples in New Orleans from Carmody, where it was executed by Maples in New Orleans and returned to Carmody. It was further represented to Maples that the contingency fee contract was executed by Plaintiffs in Ecuador.*

The allegations of Paragraph VIII of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph VIII of the Petition except to admit that he, at the behest of defendant, Steven R. Donziger ("Donziger"), and on behalf of Carmody's clients, prepared and sent draft versions of the Retainer Agreement to Plaintiff on January 17, 2011, and February 4, 2011.  On

---

[2] *Exhibit 1, Retainer Agreement.*

February 7, 2011, Carmody forwarded draft English and Spanish versions of the Retainer

Agreement to Maples.  That same day, Carmody received executed copies of the Spanish and

English versions of the Retainer Agreement from Maples.[3]   The Retainer Agreement

unambiguously shows that Carmody is not a party to the Retainer Agreement.

IX.

*Maples was requested to immediately begin work on the design of litigation strategy to counter and defend the efforts of Chevron and the firm of Gibson, Dunn that was active and pending in the United States District Court, Southern District of New York.  Donziger and Maples agreed to the terms of the contingency fee agreement referenced above on the promise by Donziger that an authorization of representation signed by the indigenous rainforest plaintiffs would be forthcoming.*

The allegations of Paragraph IX of the Petition do not require a response from Carmody;

however, in an abundance of caution, Carmody denies the allegations of Paragraph IX of the

Petition for lack of knowledge or information sufficient to form a belief in the truth therein.

X.

*Maples executed the contingency fee contract he received from Carmody and immediately returned it to Carmody, as instructed, and continued to work on the litigation strategy and participated in court filings, court appearances, depositions, and meetings in New Orleans, New York, Washington, San Francisco and London, England. Donziger even spent time with Maples' staff in New Orleans to inform them of the history of the 18 year litigation against Chevron, as well as the challenges faced in various jurisdictions in the United States. Maples advanced all expenses it incurred in the litigation from July, 2010 until termination in late 2011.*

The allegations of Paragraph X of the Petition do not require a response from Carmody

because they state a legal conclusion; however, in an abundance of caution, Carmody denies the

allegations of Paragraph X of the Petition except to admit that he, at the behest defendant,

Donziger, and on behalf of Carmody's clients, prepared and sent draft English versions of the

Retainer Agreement to Plaintiff on January 17, 2011, and February 4, 2011.  On February 7,

2011, Carmody forwarded draft English and Spanish versions of the Retainer Agreement to

---

[3] A copy of the English version of the Retainer Agreement is attached to the Petition as Exhibit 1.

Maples.  That same day, Carmody received executed copies of the Spanish and English versions of the Retainer Agreement from Maples.[4]   The Retainer Agreement unambiguously shows that Carmody is not a party to the Retainer Agreement.

### XI.

*Between July, 2010 and October, 2011, Maples was requested to become involved in the litigation in the United States District Court, Southern District of New York by Jim Tyrell, Chief of Litigation with the Patton, Boggs Law Finn, which firm is also assisting Donziger in attempts to collect the $18 billion judgment against Chevron.*

The allegations of Paragraph XI of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph XI of the Petition for lack of knowledge or information sufficient to form a belief in the truth therein.

### <u>COUNT 1: BREACH OF CONTRACT</u>

### XII.

*All of the foregoing paragraphs are incorporated by reference as if pleaded herein in extenso.*

The allegations of Paragraph XII of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph XII of the Petition.

### XIII.

*Maples contends that defendants, Donziger and Carmody personally breached the retainer agreement executed by Maples in New Orleans in July, 2010, in and among other ways by failing to honor the agreement as written and by failing to provide Maples with compensation for services in the amount of 10% of the total contingency fee payment, which amount is equal to 20% of all plaintiff collections.*

The allegations of Paragraph XIII of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the

---

[4] A copy of the English version of the Retainer Agreement is attached to the Petition as Exhibit 1.

allegations of Paragraph XIII.

## XIV.

*Maples further contends that Donziger and Carmody have failed to reimburse Maples for out-of-pocket expenses incurred in prosecuting the litigation as requested and agreed to under the terms of the Retainer Agreement executed in New Orleans in July, 2010.*

The allegations of Paragraph XIV of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XIV of the Petition.

## XV.

*Maples further contends that defendants Donziger and Carmody breached the Retainer Agreement without cause or justification on October 31, 2011, notwithstanding that Maples had expended over a year of time, effort, costs and expenses on behalf of the Ecuadorian plaintiffs represented by Carmody, as well as same on behalf of Donziger, personally.*

The allegations of Paragraph XV of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XV of the Petition.

## XVI.

*As a result of all breaches of the Retainer Agreement, Maples sustained and continues to sustain damages as are reasonable in the premises for which it seeks recovery.*

The allegations of Paragraph XVI of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XVI of the Petition.

## **COUNT 2:  DETRIMENTAL RELIANCE**

## XVII.

*All of the foregoing paragraphs are incorporated herein as if pleaded herein in extenso.*

The allegations of Paragraph XVII of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph

XVII of the Petition.

### XVIII.

*In the alternative, in the event there is no breach of contract claim found to exist against Donziger and Carmody, Plaintiff alleges the doctrine of detrimental reliance based on Donziger and Carmody's promises and inducements in the following particulars:*

The allegations of Paragraph XVIII of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XVIII of the Petition.

### XIX.

*Donziger and Carmody through their promises, agreements, conduct, meetings, inducements, solicitation of Plaintiff and acquiescence in Maple's work and activities in the cases on several fronts, including in the United States District Court, Southern District of New York, induced Plaintiff to rely on such actions which proved to, be to his detriment when defendants changed their position relative to the Retainer Agreement, after Plaintiff expended great time, money and effort in various venues across the United States, and in London, England. As a result of Plaintiff s reliance to his detriment on Donziger and Carmody's promises, actions, inducements acquiescence, and further as a result of defendants' sudden, unjustified and unilateral action contrary to their prior acts, admissions, promises and representations, Plaintiff has been and is being denied his interest, without cause, while Donziger and Carmody have and continue to benefit and be enriched due solely to the efforts of Plaintiff.*

The allegations of Paragraph XIX of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XIX of the Petition.

### XX.

*As a result of the foregoing, Plaintiff sustained and continues to sustain damages in the premises for which it seeks recovery, and for which Donziger and Carmody must make restitution or recompense.*

The allegations of Paragraph XX of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XX of the Petition.

## COUNT 3:  UNJUST ENRICHMENT

### XXI.

*All of the foregoing paragraphs are incorporated herein as if pleaded in extenso.*

The allegations of Paragraph XXI of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph XXI of the Petition.

### XXII.

*In the alternative, in the event there is no breach of contract found to exist against defendants, Plaintiff alleges the doctrine of unjust enrichment by Donziger and Carmody in the following particulars.*

The allegations of Paragraph XXII of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XXII of the Petition.

### XXIII.

*Donziger and Carmody were and continue to be enriched by the efforts of Plaintiff; Plaintiff was and is continually being impoverished by the sudden, unjustified and unilateral attempted termination of the Retainer Agreement; further, Plaintiff is unable, due to rules of the court, to withdraw as counsel of record in the United States District Court, Southern District of New York, where pleadings are still being filed almost daily and where Donziger, Carmody and Fajardo-Mendoza sought Plaintiff's immediate and primary attention; Plaintiff is being denied his percentage of the proceeds as outlined in the Retainer Agreement; and, Plaintiff is being denied its interest without cause while Donziger and Carmody have been and continue to be enriched from Plaintiff's reliance to his detriment.*

The allegations of Paragraph XXIII of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XXIII of the Petition.

### XXIV.

*As a result of the foregoing, Plaintiff sustained and continues to sustain damages in the premises for which they seek recovery, and for which Donziger and/or Carmody must make restitution or recompense.*

The allegations of Paragraph XXIV of the Petition do not require a response from Carmody because they state a legal conclusion; however, in an abundance of caution, Carmody denies the allegations of Paragraph XXIV of the Petition.

## REQUEST FOR JURY TRIAL

### XXV.

*Plaintiff requests a jury trial on all issues and counts herein.*

The allegations of Paragraph XXV of the Petition do not require a response from Carmody; however, in an abundance of caution, Carmody denies the allegations of Paragraph XXV of the Petition.

### XXVI.

*WHEREFORE, Plaintiff prays that after all due proceedings had, including trial by jury, there be judgment rendered in its favor and against Defendants, jointly and in severally, for all amount owed, with interest from the date of the execution of the Retainer Agreement until paid in full, and attorney fees and costs, as well as all costs of this proceeding, and for any other general and equitable relief in the premises.*

The allegations of the "WHEREFORE" clause following Paragraph XXV of the Petition merely state a prayer for relief and, as such, require no response from Carmody; however, in an abundance of caution, Carmody denies the allegations in the "WHEREFORE" clause following Paragraph XXV of the Petition.

## AFFIRMATIVE DEFENSES

**AND NOW**, in further reply to Plaintiff's Petition, Carmody asserts the following defenses thereto:

### First Affirmative Defense

The Petition fails to state a claim against Carmody upon which relief can be granted within the meaning of Federal Rule of Civil Procedure 12(b)(6).

### Second Affirmative Defense

Maples' claimed losses and/or damages do not result from the acts or omissions of Carmody, or persons for whom Carmody is legally responsible.

### Third Affirmative Defense

Carmody avers that if Maples suffered any damages, as alleged, which is denied, said damages were contributed to by its own fault, negligence, and/or the fault and/or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by Maples of damages herein.

### Fourth Affirmative Defense

Carmody denies every allegation, whether express or implied, that is not unequivocally and specifically admitted to in the Answer.

### Fifth Affirmative Defense

Alternatively, and solely in the event that Maples succeeds in proving some or all of its allegations, which are denied, Maples has failed to mitigate its damages as required by law.

### Sixth Affirmative Defense

Carmody adopts by reference any applicable defense or affirmative defense pleaded by any other Defendant not expressly set forth herein.

### Seventh Affirmative Defense

Carmody reserves the right to amend his Answer and Affirmative Defenses to Petition for Damages to assert any additional defenses, if and when, in the course of its investigation, discovery, or preparation for trial, such defenses become known and/or it otherwise becomes appropriate to assert such defenses.

Respectfully submitted:


/s/ Coleman D. Ridley, Jr.
_____
COLEMAN D. RIDLEY, JR. (La. #25849)
L. ETIENNE BALART (La. #24951)
GRAHAM H. RYAN  (La. #34070)
Jones Walker LLP
201 St. Charles Avenue, Floor 49
New Orleans, Louisiana 70170
Telephone:  (504) 582-8724
Facsimile:  (504) 589-8724
cridley@joneswalker.com
ebalart@joneswalker.com
gryan@joneswalker.com

**Attorneys for defendant, William Carmody, Esq**.


## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2013, a copy of the foregoing *Defendant, William Carmody's Answer to Petition for Damages* was filed electronically with the Clerk of Court using the CM/ECF system.  I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Stuart G. Gross, Esq.                              Aaron Marr Page, Esq.
Gross Law                                          Forum Nobis PLLC
The Embarcadero                                    1629 K Street NW, Suite 300
Pier 9, Suite 100                                  Washington, D.C. 20006
San Francisco, CA 94111


/s/ Coleman D. Ridley, Jr.
_____