UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


F. GERALD MAPLES, P.A.                              CIVIL ACTION

VERSUS                                              NO: 13-223

STEPHEN DONZIGER                                    SECTION: "H"(1)


### ORDER AND REASONS

Before the Court is a Motion to Set Aside Default and Stay Proceedings (R. Doc. 94) filed by Defendant Stephen Donziger. For the following reasons, the Motion is GRANTED IN PART, and the entry of default is hereby SET ASIDE. It is further ordered that the above-captioned matter is STAYED AND ADMINISTRATIVELY CLOSED until August 21, 2014.


### BACKGROUND

This is a breach of contract action filed by Plaintiff F. Gerald Maples, P.A. ("Maples") against Defendant Steven Donziger ("Donziger"). This case stems from a much larger litigation in the

1

Ecuadorian court system in which several plaintiffs sought to recover damages from the Chevron Corporation ("Chevron") for damage to the rainforest (the "Ecuadorian Litigation").  Donziger represented those plaintiffs and allegedly solicited others lawyers—including Maples—to assist in prosecuting the case.

The Ecuadorian Litigation eventually resulted in a multi-billion-dollar judgment against Chevron (the "Ecuadorian Judgment").  Chevron subsequently filed a civil RICO action in the Southern District of New York, seeking to enjoin Donziger from enforcing the Ecuadorian Judgment in the United States (the "RICO Action").  The RICO Action is still pending.

As compensation for his work on the Ecuadorian Litigation, Maples alleges Donziger agreed to share a certain percentage of any judgment recovered in the Ecuadorian Litigation and to reimburse Maples for any expenses incurred.  Maples further alleges Donziger is in breach of this obligation.

**LAW AND ANALYSIS**

Donziger moves this Court to (1) set aside his default, and (2) stay the instant action until final judgment is issued in the RICO Action.  The Court addresses each element of requested relief separately.

I.      <u>Whether Default Should be Set Aside</u>

Rule 55(c) permits the trial court to set aside an entry of default for "good cause."  Fed. R.

2

Civ. P. 55(c). To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 277 F.3d 290, 292 (5th Cir. 2000). These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant. *See Lacy*, 277 F.3d at 292.

The balance of factors weighs heavily in favor of setting aside default. The default was clearly not willful. Donziger alleges he never personally received service of the first amended complaint. Rather, service appears to have been accomplished on the doorman in Donziger's building of residence. At worst, Donziger's failure to obtain the complaint from his doorman constitutes mere negligence; not willful neglect. The Court is also mindful of the demands placed on Donziger's time by the RICO Action, which underscores the conclusion that his default was not intentional.

Moreover, any potential prejudice Maples would suffer as a result of setting aside default is negligible. There is no trial date set in this matter; in fact, all trial and pre-trial deadlines have been continued without date. The record does not reflect that any discovery has taken place.

3

The Court finds the third factor in the good cause analysis—whether a meritorious defense has been presented—essentially neutral. Donziger has not yet filed pleadings responsive to the first amended complaint. Thus, the Court is unable to assess the merits of his defense.

The Court also notes Donziger acted expeditiously to correct the default. The Clerk of Court entered default on December 2, 2013. The Court received a letter from Donziger approximately two weeks later explaining his failure to timely answer the lawsuit and requesting that entry of default be set aside.

In sum, the Court finds that the entry of default was not willful, that Donziger acted quickly to remedy the default, and that Maples will not be prejudiced by setting aside the default. Given the foregoing, there can be no doubt Donziger has established the good cause necessary under Rule 55(c). Accordingly, the entry of default against Donziger shall be set aside.

II.     <u>Whether this Matter Should be Stayed Pending Resolution of the RICO Action</u>

It is undisputed that "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This inherent power includes "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). Nonetheless, because the authority to stay is "largely unreviewable, it must not be abused." *Coastal (Bermuda) LTD. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985). Thus, in deciding whether to stay proceedings, a court "must weigh

4

competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. A court may consider (1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy. *Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11–392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013); *Collins v. Angiodynamics, Inc.*, 13–5431, 2013 WL 5781708, at *2 (E.D. La. Oct. 15, 2013).

The balance of factors weighs in favor of granting a stay. Regarding the first, Donziger is currently embroiled in the RICO Action—a large, complex litigation in New York. Requiring Donziger to participate in a second litigation miles away from the RICO Action would undoubtedly impose a significant burden. Moreover, Maples would not be prejudiced by granting a stay of limited duration. *See Maurice v. Eli Lilly & Co.*, No. 04–3105, 2005 WL 3542902, at *1 (E.D. La. Nov. 7, 2005). Finally, and most importantly for purposes of the instant Motion, a stay would promote "economy of time and effort for [the Court]," *i.e.*, the interests of judicial economy. *See Landis*, 299 U.S. at 254. If Chevron prevails in the RICO Action, Donziger would be enjoined from enforcing the Ecuadorian Judgment and therefore from collecting any funds from which Maples might seek a percentage. Indeed, it would be a great waste of this Court's time and resources to adjudicate the instant matter and enter judgment in favor of Maples only to have that judgment rendered meaningless if Chevron prevails in the RICO Action. In his opposition memorandum, Maples does not dispute that judgment in favor of Chevron in the RICO Action would essentially moot his claims against Donziger in the instant action.

Having decided a discretionary stay is warranted, the Court must next decide its duration. A stay order cannot be "immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 447, 479 (5th Cir. 1982). Whether a stay is immoderate "is a function of two variables—the scope of the stay, and the reasons cited for ordering it." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). Moreover, when "granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the other case." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (internal quotation marks omited).

The RICO Action is currently in the post-trial briefing phase. Thus, it would appear that a decision will be made in the relatively near future. Accordingly, the Court will stay and administratively close the instant matter for approximately six months—that is, until August 21, 2014.

## CONCLUSION

For the reasons previously stated, the Motion is GRANTED IN PART, Donziger's entry of default is hereby SET ASIDE, and the above-captioned matter is STAYED AND ADMINISTRATIVELY CLOSED until August 21, 2014. The stay may be vacated at any time upon motion of the parties if circumstances warrant. A separate order will issue with further details.

New Orleans, Louisiana, this 21st day of February, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**